Antonia Benedicta SANCHEZ
HERNANDEZ; et al.,
Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–76330.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Antonia Benedicta Sanchez Hernandez,
Placentia, CA, pro se.

Christian Marcos Aquino Sanchez, Placentia, CA, pro se.

Lucia Aquino Sanchez, Placentia, CA,
pro se.

CAC–District Counsel, Esquire, Office
of the District Counsel, Department of
Homeland Security, Los Angeles, CA, Larry P. Cote, Esquire, Kurt B. Larson, Esquire, U.S. Department of Justice, Civil
Division/Office of Immigration Litigation,
Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of
Homeland Security, San Francisco, CA,
for Respondent.

Before: HAWKINS, RAWLINSON,
and M. SMITH, Circuit Judges.

MEMORANDUM **

Antonia Benedicta Sanchez Hernandez
and her two children, natives and citizens
of Mexico, petition pro se for review of the
Board of Immigration Appeals' ("BIA") order summarily affirming an immigration
judge's ("IJ") decision denying Sanchez
Hernandez's application for cancellation of
removal. We have jurisdiction pursuant to
8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination. *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th
Cir.2004). We review de novo claims of
constitutional violations in immigration
proceedings. *Iturribarria v. INS*, 321
F.3d 889, 894 (9th Cir.2003). We deny the
petition for review.

Substantial evidence supports the IJ's
conclusion that Sanchez Hernandez did not
meet the continuous physical presence requirement where she testified she departed to Mexico for approximately one year
before returning to the United States in
April 1991. *See* 8 U.S.C. §§ 1229b(b)(1),
1229b(d)(1) (to qualify for cancellation, an
alien must have been present in the United
States for a continuous period of no less
than ten years prior to the service of a
notice to appear).

Sanchez Hernandez's contention that the
ten-year continuous physical presence requirement violates her due process rights
is foreclosed by *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 979 (9th Cir.2006).

Sanchez Hernandez's contention that the
BIA violated her due process rights by
streamlining her case is foreclosed by *Fal-*

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*con Carriche v. Ashcroft,* 350 F.3d 845, 848 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.